# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TIMOTHY SALLIS, | |
| Petitioner, | Case No. 14 C 6880 |
| v. | |
| KIM BUTLER,[1] | Judge John Robert Blakey |
| Respondent. | |

## MEMORANDUM OPINION AND ORDER

Petitioner Timothy Sallis brings a Petition for Writ of Habeas Corpus ("Petition") [6] pursuant to 28 U.S.C. § 2254, challenging his convictions entered in the Circuit Court of Cook County. Petitioner is serving a 40 year prison term for first degree murder and a 7 year prison term for robbery, to run consecutively, and he is presently housed at Menard Correctional Center. For the following reasons, this Court denies the Petition, and declines to issue a certificate of appealability.

## I. Legal Standard

Federal review of state court decisions under § 2254 is limited. With respect to a state court's determination of an issue on the merits, habeas relief can be granted only if the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law," or "was based on an unreasonable

---

[1] Kim Butler became the Warden of Menard Correctional Center after Petitioner filed his Petition. Accordingly, Warden Butler is Petitioner's current custodian and the proper respondent in this habeas action. Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts; Fed. R. Civ. P. 25(d); *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *see also Harrington v. Richter*, 562 U.S. 86, 100 (2011). This Court presumes that the state court's account of the facts is correct, and Petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Coleman v. Hardy*, 690 F.3d 811, 815 (7th Cir. 2012).

## II. Background and Procedural History

This Court begins by summarizing the facts and procedural posture from the state court record [15] (attaching Exhibits A to N). This Court presumes that the state court's factual determinations are correct for the purposes of habeas review as Petitioner does not contest them or point to clear and convincing contrary evidence. 28 U.S.C. § 2254(e)(1).

### A. Trial

Petitioner was convicted of first degree murder and robbery. The trial court sentenced Petitioner to 40 years in prison for the murder and 10 years in prison for the robbery, to run consecutively. The robbery sentence was reduced to seven years on appeal, as discussed below.

The testimony at trial established that Petitioner beat Bradley Sterrett to death after an altercation in Sterrett's apartment involving a dispute over payment for sexual favors. Petitioner also stole electronics from Sterrett's apartment, including Sterrett's cell phone. After the beating, Petitioner visited his friend,

Darrieck Jones. Petitioner told Jones that Sterrett attacked him and Petitioner hit him back and "knocked him out."

Jones testified that he took Sterrett's cell phone from Petitioner and used it to make personal phone calls. The police traced the phone calls, which led back to Jones. Jones told the police several fabricated stories of how he acquired Sterrett's cell phone, but, after becoming a suspect in Sterrett's murder, Jones told the police about Petitioner's altercation with Sterrett.

The police began searching for Petitioner and found him at one of his known residences—an apartment. A detective saw Petitioner when someone else opened the apartment door. The detective entered the apartment, arrested Petitioner and read him his rights. The detective noticed that Petitioner's shoes had "reddish brown stains on them." The stains were later determined to be Sterrett's blood.

At the police station, almost immediately after detectives finished reading Petitioner his *Miranda* rights, he said, "you guys must be homicide detectives." Petitioner told the detectives that he knew that this was "about the guy that was beat up at 3200 N. Lake Shore Drive," the address of Sterrett's apartment. He then told the detectives that he agreed to perform sexual favors for Sterrett for money. After completing the act, Sterrett refused to pay him. The two then "struggled." Petitioner said he hit Sterrett 20 times with his hands and feet until Sterrett was unconscious. Petitioner said he stole money from Sterrett's pocket along with electronic equipment, including the cell phone.

Petitioner agreed to give a videotaped statement to the Assistant State's Attorney about the events preceding the physical altercation, which was played for the jury at trial. In addition to recounting his version of events, Petitioner said that he had not been mistreated or threatened in any way.

Petitioner took the stand at trial. He testified that Sterrett attacked him, hit him four or five times, and tried to choke him. Petitioner first testified that he hit Sterrett five or six times, but on cross-examination, Petitioner admitted that he hit Sterrett 16 times with all of his force. Petitioner also backtracked from his video confession, claiming that a detective kicked and choked him and made him admit to stealing Sterrett's electronics.

### B. Direct Appeal

Petitioner appealed, raising only sentencing errors. 5/17/07 Brief (Ex. B). The Appellate Court reduced Petitioner's robbery sentence from 10 to 7 years and ordered that Petitioner be given an additional 63 days of credit for time served in pre-trial custody. *People v. Sallis*, No. 1-06-0301 (Ill. App. Ct. Nov. 30, 2007) (Ex. A). There is no record evidence that Petitioner filed a Petition for Leave to Appeal to the Illinois Supreme Court after the Appellate Court's decision.

### C. Post-Conviction Proceedings

On May 16, 2008, pursuant to 725 ILCS 5/122-1, Petitioner filed a Petition for Post-Conviction Relief with the Circuit Court of Cook County. 5/16/08 Petition (Ex. M at C14-C23). Petitioner raised 17 grounds for relief, including that trial counsel was ineffective for failing to object to the admission of the videotaped

4

statements taken without adequate *Miranda* warnings. *Id.* Petitioner made no allegation that trial counsel was ineffective for failing to move to quash Petitioner's arrest and suppress post-arrest evidence on the ground that the police lacked probable cause to arrest him. On August 19, 2010, following appointment of counsel, Petitioner filed an Amended Petition for Post-Conviction Relief. 8/19/10 Amended Petition (Ex. M at C80-C97). The State moved to dismiss the Petitions and, on July 15, 2011, the Circuit Court granted the State's motion. 7/15/11 Hr'g Tr. at S39-S49 (Ex. N).

Petitioner appealed, arguing that post-conviction counsel did not meet the assistance required by Illinois Supreme Court Rule 651(c) and *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), because post-conviction counsel failed to assert that direct appeal counsel was ineffective for failing to assert that trial counsel failed to move to quash Petitioner's arrest and suppress post-arrest evidence on the ground that the police lacked probable cause to arrest him. 8/14/12 Brief (Ex. E). On September 16, 2013, the Appellate Court affirmed the Circuit Court of Cook County, finding that post-conviction counsel was not ineffective. *People v. Sallis*, 2013 IL App (1st) 1112302-U (unpublished) (Ex. D). In particular, the Court found that Petitioner had not argued in his original Petition for Post-Conviction Relief that trial counsel should have moved to quash the arrest and suppress evidence based on a lack of probable cause, and post-conviction counsel was not obligated to add that new argument in the Amended Petition for Post-Conviction Relief. *Id.* ¶¶ 26-28.

On October 18, 2013, Petitioner filed a Petition for Leave to Appeal, raising the same argument as before the Appellate Court. 10/18/13 Petition for Leave to Appeal (Ex. I). The Illinois Supreme Court denied the Petition for Leave to Appeal on January 29, 2014. *People v. Sallis*, No. 116769 (Ill. Jan. 29, 2014) (Ex. H).

### III. Analysis

Petitioner brings two claims in his Petition for Writ of Habeas Corpus. Both fail. Claim 1 (ineffective assistance of trial counsel) was defaulted and no exception applies; and Claim 2 (ineffective assistance of post-conviction counsel) is non-cognizable.

#### A. Claim 1: Ineffective Assistance of Trial Counsel

To avoid procedural default, state prisoners must give the state courts "one full opportunity" to resolve any constitutional issues by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This means that Petitioner must raise any issues at "each and every level in the state court system," including levels at which state review is discretionary. *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004). If Petitioner asserts a claim for relief that he did not present in the first instance to the state courts, the claim is procedurally defaulted and "federal courts may not address those claims unless the petitioner demonstrates cause and prejudice or a fundamental miscarriage of justice if the claims are ignored." *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010).

Here, Petitioner argues that his trial counsel was ineffective for failing to move to quash Petitioner's arrest and suppress his post-arrest statements on the ground that the police lacked probable cause to arrest him. Petitioner, however, did not raise this argument anywhere in his direct appeal. Nor did he raise the argument in his post-conviction proceedings, collectively, (1) the Petition for Post-Conviction Relief and Amended Petition for Post-Conviction Relief to the Circuit Court of Cook County, (2) the ensuing appeal to the Illinois Appellate Court and (3) the Petition for Leave to Appeal to the Illinois Supreme Court.

Despite Petitioner not having made his present claim as a standalone claim to any state court, which ordinarily results in a procedural default, the Seventh Circuit has found an alternate basis in certain cases for avoiding default and proceeding to the merits where Petitioner's claim in federal court was embedded in an ineffective assistance of counsel claim in state court. *Malone v. Walls*, 538 F.3d 744, 754-55 (7th Cir. 2008); *see also Long v. Butler*, No. 13-3327, ___ F.3d ___, 2015 WL 6500128, at *4-5 (7th Cir. Oct. 27, 2015); *McGee v. Bartow*, 593 F.3d 556, 567 n.9 (7th Cir. 2010). *Malone* and its progeny show that this Court can reach the merits of certain claims that, while not presented as standalone claims to the state courts, were embedded in another claim. Here, in the post-conviction proceedings before the Illinois Appellate Court and Illinois Supreme Court (but not the Circuit Court of Cook County, as discussed below), Petitioner argued that his *post-conviction counsel* was ineffective for failing to include in the Amended Petition for Post-Conviction Relief that appellate counsel was ineffective for not arguing that

7

trial counsel was ineffective for failing to move to quash Petitioner's arrest and suppress his post-arrest statements because the police lacked probable cause to arrest him. Ineffective assistance of trial counsel thus is an embedded claim.

This argument, at first glance, may avoid procedural default and allow this Court to reach the merits of Petitioner's embedded ineffective assistance of trial counsel claim under *Malone*. But Petitioner has not overcome another obstacle. To reach the embedded claim, Petitioner should have presented his ineffective assistance of post-conviction counsel claim through one full round of state review, *e.g.*, *Malone*, 538 F.3d at 755, and *Lewis*, 390 F.3d at 1026-27, but he did not do so. Petitioner did not present his ineffective assistance of post-conviction counsel claim (and, in turn, the embedded ineffective assistance of trial counsel claim) to the Circuit Court of Cook County in his post-conviction proceedings. Indeed, that deficiency was the basis of Petitioner's appeal to the Appellate Court. *Sallis*, 2013 IL App (1st) 1112302-U, at ¶¶ 16, 26-28 (Ex. D). Thus, Petitioner has a "one complete round" problem.

Perhaps Petitioner could argue, although he has not done so here, that post-conviction counsel's ineffectiveness created the requisite "cause and prejudice" to excuse a procedural default. *Byers*, 610 F.3d at 985. Ordinarily, post-conviction counsel's ineffectiveness cannot excuse a procedural default. *Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991). While the Supreme Court has crafted a narrow exception to *Coleman* for states that effectively prohibit ineffective assistance claims on direct appeal, *see Trevino v. Thaler*, 133 S. Ct. 1911, 1921 (2013);

8

*Martinez v. Ryan*, 132 S. Ct. 1309, 1318-20 (2012), this narrow exception does not apply in Illinois under the circumstances here. *Long*, 2015 WL 6500128, at *12; *accord* Murphy *v. Atchison*, No. 12-3106, 2013 WL 4495652, at *22 (N.D. Ill. Aug. 9, 2013) (collecting cases). Under Illinois law, when an ineffective assistance of trial counsel claim is based on the trial record, the claim is waived unless brought on direct appeal. *People v. Smith*, 745 N.E.2d 1194, 1201 (Ill. 2000). That is the case here, where trial counsel's purported failure to quash Petitioner's arrest and suppress his post-arrest statements is based on the trial record. *See* 8/14/12 Brief at 20-27 (Ex. E).

For these reasons, Petitioner's ineffective assistance of trial counsel claim is procedurally defaulted, and no exception saves it.

### B. Claim 2: Ineffective Assistance of Post-Conviction Counsel

Petitioner also argues that post-conviction counsel was ineffective. This argument, however, is barred by § 2254(i), which provides that the "ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." *See also Szabo v. Walls*, 313 F.3d 392, 396-97 (7th Cir. 2002).

## IV. Certificate of Appealability

Under § 2253(c)(2), a "certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." An applicant has made a "substantial showing" when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Resendez v. Knight*, 653 F.3d 445, 446 (7th Cir. 2011) (internal quotations omitted). Here, this Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would debate the resolution of his claims. Accordingly, this Court declines to issue a certificate of appealability.

## V. Conclusion

The Petition for a Writ of Habeas Corpus [6] is denied. This Court declines to issue a certificate of appealability. The Clerk is directed to: (1) modify the case caption to reflect that Kim Butler is the proper respondent; and (2) enter a Rule 58 Judgment in favor of Respondent and against Petitioner. Civil case terminated.

Dated: November 25, 2015

Entered:

United States District Judge

10